### The President of the Troy City Bank *vs.* Bowman and others

Where the complaint in a foreclosure suit set out the indebtedness of the mortgagors upon notes indorsed by them and discounted by the plaintiff; and alleged that the mortgage was given to secure the payment of a bond by which the time for the payment of such indebtedness was considerably extended; and that the obligors had failed to comply with the conditions of the bond; *Held*, that these facts constituted a sufficient cause of action.

A bond is not void for uncertainty, if it can be made certain by extrinsic facts.

A bond, conditioned for the payment of a specified sum, or so much of said sum as shall remain unpaid on certain notes indorsed by the obligors and held by the obligees, after the application to the payment thereof of all net moneys received from the makers, or the collaterals accompanying the same, is not void for uncertainty.

APPEAL from a judgment of foreclosure. The defendant Samuel S. Bowman put in an answer denying all the allegations of the complaint except as afterwards admitted. And for a further and separate defense, he averred that the plaintiff, at the time it required and demanded from him the bond and mortgage set out in the complaint, in order to induce him to make and execute the same, made and delivered to the defendant a certain agreement in writing, whereby the plaintiff stated truly certain notes of one Morris L. Samuel & Co. indorsed by Samuel S. Bowman & Co. which it then claimed to hold, and also certain promissory notes which it held as collateral thereto, and whereby, for a good and valuble consideration, the plaintiff agreed: That the said bond and mortgage should be security for such deficiency only as might remain due after the credit of all moneys that might be collected upon said notes and collaterals; and whereby it also agreed to collect said notes and collaterals, and that in the meantime and until such collections should be fully made, no suit should be brought against said defendants, Bowman or Finn, or either of them, for the foreclosure of said bond and mortgage. And the defendant averred that the mortgagors made and delivered said bond and mortgage solely in reliance

upon said agreement of the plaintiff, and as an ultimate security after the exhaustion and application upon the principal debts of all the other collaterals thereto. That the plaintiff had, in pursuance of said agreement and in part performance thereof, undertaken to collect certain of said notes, and that actions thereupon are now pending, secured upon appeal, and have not been determined, and that the plaintiff had neglected and refused to collect certain other of said notes. And the defendant averred that the plaintiff had not duly performed all or any of the conditions precedent on its part in the contract with the defendant, and that the plaintiff had no cause of action against the defendants, or right to proceed to foreclose said bond and mortgage. Wherefore the defendant demanded judgment in favor of the defendants and for the costs of this action.

The bond executed at the same time with the mortgage, and collateral thereto, was conditioned for the payment of $7317.14, "or so much of said sum as shall remain unpaid on the notes of Morris L. Samuel & Co. indorsed by Samuel S. Bowman & Co., after the application to the payment thereof of all the net moneys received from the makers of said notes, or the collaterals accompanying the same, as follows, namely: One third in twenty-four months, one third in twenty-seven months, and one third in thirty months, together with the interest on the amount due, at the rate of seven per cent per annum, payable semi-annually."

The plaintiff gave to Bowman a receipt for the mortgage in suit, which specified the notes of third persons held as collateral, and contained this clause: "And upon the receipt of said money the same is to be credited upon said notes and bond and mortgage, and the said Samuel S. Bowman and Felix A. Finn are to be held responsible only for the deficiency on the same, and the same is to be paid according to said bond and mortgage. Upon the payment of the same by said Samuel S. Bowman and Felix A. Finn, the notes or

judgments unpaid against the said Morris L. Samuel & Co. or the notes upon judgment against persons who are reliable on said collections, shall be forthwith assigned to said Samuel S. Bowman and Felix A. Finn, and in the meantime no suit shall be brought against the said Samuel S. Bowman and Felix A. Finn, or Samuel S. Bowman & Co., and the bond and mortgage to be cancelled."

The cause was tried at a special term, before MULLIN, J. without a jury. . The defendant moved, upon the pleadings, to dismiss the complaint, as not stating a cause of action; which motion was denied.

The judge found the following facts:

1. The firm of Morris L. Samuel & Co., of the city of New York, made their promissory notes in writing, described in the complaint in this action, payable to the order of Samuel S. Bowman & Co., a firm also of said city, and composed of the above named defendants, Samuel S. Bowman and Felix A. Finn.

2. The said notes were indorsed by said Samuel S. Bowman & Co. and delivered to the plaintiffs, who discounted the same before they became due; the said notes were not paid when due; were then duly protested, and due notice thereof given to said indorsers, Samuel S. Bowman & Co. The plaintiffs, ever since discounting the said notes, have been and still are the lawful owners and holders of the same, which have not been paid, nor any part thereof.

3. The total amount of said notes, with the fees for protest thereof, and interest accrued thereon to the first of February, 1858, was the sum of $9985.91.

4. In the month of February, 1858, the said Samuel S. Bowman & Co., in order to secure the plaintiffs against any loss on account of said notes, and to provide for their payment, delivered to the plaintiffs certain other notes made by other parties, as collaterals, the net proceeds of which, when collected, were to be applied to the payment of the said

notes made by said Morris L. Samuel & Co. and indorsed by said Samuel S. Bowman & Co.

5. As a further collateral security to the plaintiff, for the payment of the said first mentioned notes, the defendants, Samuel S. Bowman and Felix A. Finn, on the 20th day of February, 1858, executed and delivered to the plaintiffs their bond, conditioned for the payment to the plaintiffs of the sum of $7317.14, as set out in the said complaint; and as a further collateral security for the payment of the said indebtedness, the defendants, Samuel S. Bowman and Sarah S. Bowman his wife, on the said 20th day of February, 1858, executed and delivered to the plaintiff their mortgage mentioned in said complaint, in the said amount of $7317.14, on the premises therein described.

6. The notes delivered by Samuel S. Bowman & Co. to the plaintiffs, as collateral security for the payment of the said notes of Morris L. Samuel & Co., were returned to said Samuel S. Bowman, at his request, on the 30th day of April, 1858, with the exception of two notes made by Mc-Spedon & Baker, which are now in suit, and the notes of two parties which have been paid, and which were credited on the amount of the said notes of Morris L. Samuel & Co. held by the plaintiffs before said bond and mortgage were given, excepting the sum of $87.50 since paid.

7. The defendants, Sarah S. Bowman and Samuel S. Bowman, by their deeds, dated July 13, 1860, conveyed the premises described in the said mortgage, to the defendant Patrick Callaghan, subject to said mortgage, which, in and by said deed, the said Patrick Callaghan assumed to pay as part of the consideration money of the said premises.

8. The interest in or lien upon said mortgaged premises had or claimed by the defendants, Sarah S. Bowman, Patrick Callaghan and Gertrude B. his wife, Mary E. Horsfall and Joseph Horsfall, accrued subsequent and is subordinate to the said mortgage lien of the plaintiffs on said premises.

9. The said bond and mortgage of the plaintiffs have not been paid, and there is due thereon to the plaintiffs, as well as on the said notes first above mentioned, the sum of $7317.14 principal, and $1329.43 interest, making the sum of $8646.57.

And as a conclusion of law, the judge found that the plaintiff was entitled to the relief demanded in the complaint, to wit, the foreclosure and sale of the premises mentioned in said complaint for the payment and satisfaction of their said debt, together with the costs of this action.

The defendants Bowman and wife, and Patrick Callaghan, appealed from the judgment.

*S. Sanxay,* for the appellants. I. The motion for a dismissal of the complaint should have been granted. 1. The complaint did not state facts sufficient to constitute a cause of action for the foreclosure of the mortgage, or otherwise. The mortgage was executed by Bowman and his wife without any consideration moving to *them;* but only as a collateral security for a bond made by Bowman & Co., a firm composed of Samuel S. Bowman and Felix A. Finn, who were *quoad* Bowman and wife, third parties; which was in itself given as a collateral security for the payment of certain notes made by certain other parties, whose names are stated; nor are the amount, dates or time of said notes given; nor is it alleged that the same had become due, or were unpaid, or how much was due upon said notes, if any thing. 2. The bond to secure which said mortgage was given, though for a stated sum, was in truth for a conditional and uncertain amount, depending upon the *contingency* of the *collection* of certain notes, and of the *application* of the amount thereof *when collected,* and was to be available only for the balance that might remain due after such *application of such collections,* if any thing. 3. There is no allegation that any of said notes had become due, or what had become of them.

· II. The bond which the mortgage was given · to secure, was void for uncertainty. It is uncertain in amount, and time when payable, and can only be made certain by extrinsic *facts*, which are entirely omitted to be stated, even if they exist. The statement of a conclusion of law is not sufficient. The statements may all be true, and yet the notes and collaterals may not be due, or may have been passed away or transferred, &c. No fact is stated from which any conclusion can be deduced that the bond is due, or that any sum whatever is due upon it.

*E. L. Fancher*, for the respondents. ·

*By the Court*, CLERKE, J.   There is no force whatever in the objections taken by the defendants' counsel in his two first points. The complaint sets out the indebtedness clearly, and that the mortgage in question was given to secure the payment of a bond, by which the time for the payment of this indebtedness was considerably extended. It also shows that Bowman & Finn have failed to comply with the conditions of the bond. These facts surely constitute a sufficient cause of action. As to the assertion that the bond was void for uncertainty, as the case contains no copy of it, we can only be guided by what the complaint states it to be. The amount is distinctly stated, as well as the periods at which it is payable. Besides, it would not be void for uncertainty, if it could be made certain by extrinsic facts. *Id certum est, quod certum reddi potest.*

The defendant Bowman certainly has no right to complain of the surrender of some of the collateral notes to him. As to the remaining three notes, retained by the plaintiffs, they have a right to retain them until their debt shall be paid. This was the agreement, and they are under no obligation to surrender them. The stipulation in the receipt contains no promise on the part of the plaintiffs not to bring an action to foreclose this mortgage, when the time of payment mention-

ed in the bond has elapsed. The clause referred to means that until the expiration of that time no suit shall be brought.

The judgment should be affirmed with costs.

[NEW YORK GENERAL TERM, February 1, 1865. *Ingraham, Sutherland* and *Clerke,* Justices.]